21-2191-cv
*Doe v. McSweeney*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of May, two thousand twenty-two.

PRESENT:   GUIDO CALABRESI,
                   JOSÉ A. CABRANES,
                   JOSEPH F. BIANCO,
                                *Circuit Judges.*

---

JOHN DOE,

                   *Plaintiff-Appellant,*

                   v.                                                                 21-2191-cv

MICHAEL MCSWEENEY, in his official capacity as City Clerk of the City of New York,

                   *Defendant-Appellee.*

---

**FOR PLAINTIFF-APPELLANT:**            TODD C. BANK, Kew Gardens, NY.

**FOR DEFENDANT-APPELLEE:**            ANTONELLA KARLIN, (Ingrid R. Gustafson, *on the brief*), *for* Georgia M. Pestana, Corporation Counsel of the City of New York, New York, NY.

Appeal from a September 11, 2021 order and September 13, 2021 judgment entered by the United States District Court for the Southern District of New York (Lewis A. Kaplan, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the September 11, 2021 order and September 13, 2021 judgment of the District Court be and hereby are **AFFIRMED**.

Plaintiff John Doe filed suit against Defendant Michael McSweeney, the City Clerk of the City of New York, challenging the constitutionality of two New York statutes that prohibit and criminalize incestuous marriages, *see* N.Y. Dom. Rel. Law § 5; N.Y. Penal Law § 255.25. Doe alleges that he[1] "wishes to make a proposal of marriage" to either his parent or adult child (the Complaint does not say which) and that "if the [m]arriage [p]roposal were met with an affirmative response," he "wishes and intends . . . to obtain his marriage license" from the relevant municipal authorities in New York City. App'x 4. Doe seeks both declaratory relief and an injunction preventing McSweeney from enforcing either statute against Doe. After McSweeney moved to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and the parties submitted briefing, the District Court issued a short order granting the motion "largely for the reasons set forth in [McSweeney's] papers." *Id.* at 11. Doe now appeals. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On appeal, McSweeney challenges Doe's standing to bring this action. Where, as here, a defendant brings a "facial" challenge to a plaintiff's standing, *i.e.*, "based solely on the allegations of the complaint," we "accept[] as true all material factual allegations of the complaint, and draw[] all reasonable inferences in favor of the plaintiff." *Sonterra Cap. Master Fund Ltd. v. UBS AG*, 954 F.3d 529, 533 (2d Cir. 2020) (internal quotation marks omitted). Because this case is at the pleading stage, Doe "must clearly allege facts demonstrating each of the elements that make up the irreducible constitutional minimum of standing." *Fac., Alumni, & Students Opposed to Racial Preferences v. New York Univ.*, 11 F.4th 68, 74 (2d Cir. 2021) ("*FASORP*") (cleaned up). Our review is *de novo*. *Sonterra Cap.*, 954 F.3d at 533.

To establish standing, a plaintiff must show "(i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021). Here, Doe's claims must be dismissed because he fails to satisfy the first requirement, namely that he suffered a cognizable injury. As alleged in the

---

[1] We use the pronoun "he" throughout this Summary Order to describe Doe, as does the Complaint and Doe's briefs. We note that the Complaint states that it uses the pronoun "for convenience" and that its use is "not intended to convey Doe's gender." App'x 4.

Complaint, Doe "wishes to" propose marriage to his biological parent or adult child, and "if" that proposal is "met with an affirmative response," he then "wishes and intends . . . to obtain his marriage license," at which point he expects that his license request will be denied. App'x 4. This is not enough to allege an injury in fact.

To be sure, threats of future injuries may suffice for standing purposes, but the "threatened injury must be *certainly impending* to constitute injury in fact" and mere "allegations of *possible* future injury are not sufficient." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013). Doe's putative injury is far from "certainly impending"; rather, his injury only obtains at the end of a "highly attenuated chain of possibilities." *FASORP*, 11 F.4th at 76 (internal quotation marks omitted) (holding that plaintiffs who alleged that they "*intend*" to apply for jobs at a university and "*intend*" to submit articles for publication failed to establish standing to pursue Title VI and Title IX claims against the university). While the fact that Doe has not yet applied for a marriage license is not necessarily dispositive, *see, e.g.*, *United States v. Decastro*, 682 F.3d 160, 164 (2d Cir. 2012) ("Failure to apply for a license would not preclude [the] challenge if [the party raising the challenge] made a substantial showing that submitting an application would have been futile." (internal quotation marks omitted)), his projected injury would require yet another future contingency: Doe has yet to propose marriage to his parent or adult child, and that person has yet to accept the marriage proposal. Thus, put simply, the alleged injury is "too speculative for Article III purposes." *Clapper*, 568 U.S. at 409.[2]

We have considered all of Doe's remaining arguments and find them to be without merit. For the foregoing reasons, therefore, we **AFFIRM** the September 11, 2021 order and September 13, 2021 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] We are not persuaded by Doe's attempts to circumvent this conclusion by pointing out that, in his Complaint, he cursorily alleges that he "would sustain emotional harm if he were to make the [m]arriage [p]roposal while the [two New York statutes he is challenging] were in effect." App'x 4. Doe argues that the harm he suffers is not his inability to marry his parent or adult child, but rather an "emotional harm" caused by *proposing* marriage to his parent or adult child while the laws prohibiting incestuous marriage are on the books. But "[a] perfunctory allegation of emotional distress," like that put forward by Doe here, "is insufficient to plausibly allege constitutional standing." *Maddox v. Bank of New York Mellon Tr. Co., N.A.*, 19 F.4th 58, 66 (2d Cir. 2021).

3